# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RICHARD JERRY MCLEOD**,

    Plaintiff,

v.

**BILLY INGRAM, ET AL.**,

    Defendants.

Civil Action No. 7:16-CV-185

### ORDER

Before the Court are Defendant Dr. Laura E. Hall's Motion to Dismiss (Docs. 8, 9) and Defendants Edward Williams and Chandler Giddes' Motion to Dismiss (Doc. 10). For the reasons discussed herein, both motions are denied.

## I. BACKGROUND

Plaintiff Jerry McLeod filed a *pro se* Complaint in this Court on October 11, 2016. (Doc. 1). Because Mr. McLeod is proceeding *in forma pauperis*, the Court conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a). Of relevance to the pending motions, the following claims were allowed to proceed against Defendant Dr. Hall: (1) violation of Fourth Amendment rights under 42 U.S.C. § 1983; (2) violation of Fifth Amendment rights under 42 U.S.C. § 1983; (3) slander; and (4) animal cruelty. The following claims were allowed to proceed against Defendants Williams and Giddes: (1) violation of Fourth Amendment rights under 42 U.S.C. § 1983; (2) violation of

Fifth Amendment rights under 42 U.S.C. § 1983; (3) fraud; (4) conversion; and (5) slander. Defendants Hall, Williams, and Giddes move to dismiss all claims against them.

## II. DISCUSSION

### A. Defendant Dr. Laura E. Hall's Motion to Dismiss

Dr. Hall moves to dismiss pursuant to O.C.G.A. § 9-11-9.1(e), arguing that Plaintiff's failure to attach an expert affidavit to his Complaint warrants dismissal for failure to state a claim. The Court disagrees.

It is well settled that, pursuant to the Supreme Court's holding in Erie Railroad v. Tompkins, 304 U.S. 64 (1938), state procedural laws do not apply in a federal court exercising pendent jurisdiction over state law claims. Lundgren v. McDaniel, 814 F.2d 600, 605 (11th Cir. 1987) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). When federal courts are sitting in pendent jurisdiction, "only substantive state law must be applied," while "federal law governs matters of procedure." Lundgren, 814 F.2d at 605 (citing Nat'l Distillers & Chem. Corp. v. Brad's Mach. Prods., Inc., 666 F.2d 492, 494–95 (11th Cir. 1982)); see also Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007) (citations omitted) ("[W]e apply substantive Florida law to state claims heard on the basis of supplemental jurisdiction.").

O.C.G.A. § 9-11-9.1 does not apply in federal courts because it is a procedural obligation, not substantive state law. See Baird v. Celis, M.D., et al., 41 F. Supp. 2d 1358, 1360–61 (N.D. Ga. 1999) ("[T]he expert affidavit which

2

requires specific allegations of negligence is in direct conflict with the notice pleading standard of Federal Rule 8(a)."). The sufficiency of a complaint filed in federal court is judged by the standard set out in Fed. R. Civ. P. 8(a), which does not require the affidavit of an expert. See Hanna v. Plumer, 380 U.S. 460, 470 (1965); Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986); Baird, 41 F. Supp. 2d at 1360–61.

Plaintiff's Complaint contains a short and plain statement sufficient to fulfill the pleading requirements of Rule 8(a). Dismissal of his claims against Dr. Hall for failure to follow the heightened pleading requirement set by Georgia in professional malpractices cases would be inappropriate. Therefore, Defendant Dr. Laura E. Hall's Motion to Dismiss (Docs. 8, 9) is **DENIED**.

### B. Defendants Edward Williams and Chandler Giddes' Motion to Dismiss

Defendants Edward Williams and Chandler Giddes move to dismiss Plaintiff's claims against them because Plaintiff is currently prosecuting two causes of action involving the same set of facts in both this court and in the Superior Court of Thomas County. Attached to their Motion to Dismiss is an amended complaint, filed in the Superior Court of Thomas County on August 12, 2016 (the "Superior Court complaint"). (Doc. 10-2). Both Williams and Giddes are listed as defendants in the Superior Court complaint, which alleges facts nearly identical to the facts in this case. In addition, the Superior Court complaint contains the same state law causes of actions. The only claims alleged in this

action but not in the Superior Court complaint are Plaintiff's claims arising under 42 U.S.C. § 1983.

To support this argument, Williams and Giddes cite O.C.G.A. §§ 9-2-5(a) and 9-2-44(a). O.C.G.A. § 9-2-5 states that, "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." Further, under O.C.G.A. § 9-2-44, "the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause for abatement."

The Court finds this argument unpersuasive. Although Plaintiff does not raise this issue, these statutes do not apply in this case in light of Cox v. State, 418 S.E. 2d 133 (Ga. Ct. App. 1992), in which the Georgia Court of Appeals held that O.C.G.A. § 9-2-5 is part of the Georgia Civil Practice Act—the Act that generally prescribes the procedures applicable to state court lawsuits in Georgia. As discussed *supra*, pages 2–3, such state procedural laws do not apply in a federal court exercising supplemental jurisdiction over state law claims. Lundgren, 814 F.2d at 605 (citation omitted).

Generally, "the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation v. United States, 424 U.S. 800,

817 (1976). Consequently, federal courts may "abstain to avoid duplicative litigation with state courts *only in exceptional circumstances*." Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1328 (11th Cir. 2004) (emphasis added). District courts must conduct a multi-factor inquiry to determine whether the facts of a particular case warrant abstention:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Id. at 1331. The requisite circumstances when considering whether abstention is appropriate under Colorado River do not exist in the present case, based on the facts known to the Court at this time. As a consequence, Williams and Giddes' Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons discussed, Defendant Dr. Laura E. Hall's Motion to Dismiss (Docs. 8, 9) and Defendants Edward Williams and Chandler Giddes' Motion to Dismiss (Doc. 10) are **DENIED**.

**SO ORDERED**, this the 10th day of August, 2017.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les