# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RICHARD JERRY MCLEOD,<br><br>　　Plaintiff,<br><br>v.<br><br>BILLY INGRAM, ET AL.,<br><br>　　Defendants. | Civil Action No. 7:16-CV-185 (HL) |

## ORDER

Before the Court is Defendant Rob Oglesby's Motion to Dismiss (Doc. 44). Defendant Rob Oglesby d/b/a Nate's Honor Animal Shelter files this Motion on behalf of himself and specially appearing for Fran Oglesby. For the following reasons, Defendants' motion is GRANTED.

### I.　BACKGROUND

Plaintiff Jerry McLeod filed a pro se Complaint in this Court on October 11, 2016. (Doc. 1). Because Mr. McLeod is proceeding in forma pauperis, the Court conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a). Of relevance to the pending motion are the defamation claims which this Court allowed to proceed against Defendants Rob and Fran Oglesby.

### II.　DISCUSSION

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that because Georgia's long-arm statute specifically excludes defamation claims, this

Court lacks personal jurisdiction and dismissal of the claims against them is warranted.

### A. Claims Against Fran Oglesby

Plaintiff has sued Fran Oglesby as a Defendant in the above-styled matter. In Defendants' Motion to Dismiss (Doc. 44) it is asserted that they "are unaware of the existence of a Fran Oglesby related to or involved with Nate's Place, but respond in an abundance of caution." (Doc. 44, p. 1 n.1). However, whether or not Fran Oglesby exists in relation to this action is immaterial, as Federal Rule of Civil Procedure 4(m) states that a defendant that is not served within 90 days after the complaint is filed is due to be dismissed. See Fed. R. Civ. P. 4(m). Here, dismissal is appropriate because the docket reflects that Defendant Fran Oglesby has not yet been served even though the 90-day window for service passed long ago. Even if Defendant Fran Oglesby had been timely served, however, dismissal would still be warranted for the reasons explained below. Thus, all remaining claims against Fran Oglesby are DISMISSED.

### B. Burden of Proof

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the nonresident defendant. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Diamond Crystal Brands, Inc. v. Food

Movers Intern., Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal, 593 F.3d at 1257–58 (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). This two-step inquiry is necessary because the long-arm statute does not provide jurisdiction to federal courts in Georgia that is coextensive with procedural due process. Id. at 1259. Rather, the statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process. Id. In short, jurisdiction that might appear to be conferred by statute might be negated by due process concerns, and vice versa. See id. at 1261.

**C. Analysis**

Defendant contends that this Court lacks personal jurisdiction over him because Georgia's long-arm statute does not reach defamation actions, and as Nate's Honor Animal Shelter (also referred to as Nate's Place and Nate's Patch)

is located in Bradenton, Florida, there is no other basis for the court's personal jurisdiction over Defendant.

As the Eleventh Circuit has stated, Georgia's long-arm statute actually "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Diamond Crystal, 593 F.3d at 1259. Thus, a defendant must have not only the minimum contacts necessary to satisfy due process, but must also fall under one of the specific provisions of the long-arm statute in order for this Court to have jurisdiction. Id. at 1260 ("It is beyond cavil that the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied.").

Subsection (2) of Georgia's long-arm statute permits jurisdiction over a non-resident who "[c]ommits a tortious act or omission within [Georgia], except as to a cause of action for defamation of character arising from the act." O.C.G.A. § 9-10-91(2). "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." Worthy v. Eller, 265 Ga. App. 487, 488 (2004) (citation omitted).

Plaintiff's only remaining claims against Defendant Rob Oglesby are allegations of defamation in the form of slander. Plaintiff alleges that Rob Oglesby made disparaging statements during a press conference at Rob Oglesby's animal shelter. Specifically, Plaintiff claims that Defendant stated that the dogs seized from Plaintiff's property were starving, that Plaintiff was mentally ill, and that

4

Plaintiff was guilty of operating a puppy mill. Plaintiff claims that these statements were false, that Defendant knew they were false, and that the statements caused damage to Plaintiff. However, because Plaintiff alleges no other cause of action against Defendant, Georgia's long-arm statute does not permit this Court to have personal jurisdiction over Defendant.

### i. Plaintiff's Evidence of Jurisdiction

Plaintiff appears to allege in his response to Defendant's Motion to Dismiss (Doc. 47) that Defendant Nate's Honor Animal Shelter has sufficient contacts with the state of Georgia so as to allow the Court to exercise personal jurisdiction under other provisions of Georgia's long-arm statute. Specifically, Plaintiff argues that Defendant satisfies the minimum contact requirement by receiving dogs from the Thomasville-Thomas County Humane Society, which is located in Thomasville, Georgia. Additionally, Plaintiff argues that "the Georgia Animal Protection Act specifically mandates that defendant is subject to personal jurisdiction in the Georgia Courts." (Doc. 47, p. 7). The Court disagrees with both arguments.

Subsection (1) of Georgia's long-arm statute would permit jurisdiction *if* the Plaintiff's claims arise out of the Defendant's "transact[ion] of any business within [Georgia]." Diamond Crystal, 593 F.3d at 1264 (alteration in original) (citing O.C.G.A. § 9-10-91(1)). To "transact[] any business," Defendant must have "purposefully done some act or consummated some transaction" in Georgia. Diamond Crystal, 593 F.3d at 1260 (quoting Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517 (2006). "'Transact' means 'to prosecute negotiations,' to 'carry

on business,' 'to carry out,' or 'to carry on.'" Id. But Plaintiff's claims are not based on any such transactions; rather, they are based on Defendant's statements allegedly made during an interview with a local Florida news station. Because Plaintiff has failed to show that his defamation claim arises out of or is connected to the Defendant's business transactions in Georgia, the Court cannot exercise personal jurisdiction under subsection (1) of Georgia's long-arm statute.

Subsection (3) of Georgia's long-arm statute permits jurisdiction over a nonresident who "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). Defendant's news interview is the only act which Plaintiff alleges has caused tortious injury in Georgia.

As an initial matter, for this Court to have jurisdiction over Defendant under subsection (3) of the long-arm statute, the tortious injury must have been committed within the state. "A tortious act occurs either where the allegedly negligent act or omission was made . . . or where the damage was sustained." Exceptional Marketing Group, Inc. v. Jones, 749 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010) (citation omitted). Plaintiff has failed to show or even allege that Defendant's defamatory comments made during an interview with a Florida news station were targeted towards, or even reached residents of the state of Georgia. The fact that the interview may have been accessible to residents of Georgia via the internet is

insufficient to "commit[] a tortious injury in this state" for purposes of personal jurisdiction. O.C.G.A. § 9-10-91(3). Although Plaintiff is located in Georgia and states that he "is suffering extreme mental anguish, anxiety and depression as result of the vilification by Oglesby in these acts of defamation," this statement, without more, cannot support a finding that either a tort or damage resulting from the tort occurred within the state. (Doc. 47, p. 5).

Further, even if the Court were to accept that a tortious injury had been committed by Defendant in Georgia, Plaintiff has not met the second requirement of subsection (3) by showing that Defendant has engaged in "regular," "persistent," or "substantial" contact with Georgia. In a recent decision, the Northern District of Georgia analyzed whether an out-of-state defendant had "transact[ed] any business" in Georgia for purposes of personal jurisdiction. Kason Industries, Inc. v. Dent Design Hardware, Ltd._, 952 F. Supp. 2d 1334 (N.D. Ga. 2013). In holding that it had not, the court noted that the defendant "has no offices, manufacturing plants, or distribution facilities in Georgia, and it has never been registered to do business here"; "it has no employees, distributors or sales representatives residing or working in Georgia, and it pays no taxes here"; and it "does not target Georgia through print, television, radio or Internet advertising." Id. at 1345. The same is true here. That Defendant has received dogs from Georgia at his shelter located in Florida does not constitute a business transaction within the state of Georgia simply because the dogs were sent from Georgia. Nor does receipt of money from

7

the adoption of dogs that may have come to Defendant's shelter from Georgia constitute transacting business with Georgia as Plaintiff attempts to argue.

Lastly, Plaintiff's argument that the Georgia Animal Protection Act gives this Court a basis for personal jurisdiction is in error. Plaintiff states "O.C.G.A. § 4-11-6 and O.C.G.A. § 4-11-1 require that any animal Rescue organization receiving dogs from a Georgia animal shelter must sign a 'Consent to Jurisdiction' form agreeing that they will subject themselves to the jurisdiction of any court in any county in the State of Georgia." (Doc. 47, p. 6). However, the Georgia Animal Protection Act is inapposite to the determination of personal jurisdiction in a federal court. Further, the Georgia Animal Protection Act is inapplicable to Defendant as it does not apply to animal shelters that are both located and operating outside the state. Even if Defendant did operate within the state, however, the Act would still be inapplicable as O.C.G.A. § 4-11-6 states that nonresidents who execute a consent to jurisdiction are consenting only "for any action *filed under this article*." (emphasis added). As Plaintiff's claims against Defendant are for defamation, the action is not one filed under the Georgia Animal Protection Act, and the consent to jurisdiction would not apply. Therefore, Plaintiff's arguments based upon provisions of the Georgia Animal Protection Act must fail.

Thus, Plaintiff has failed to meet his burden in producing evidence supporting jurisdiction. As Plaintiff's sole cause of action against Defendant is slander in the form of defamation, the language of the long-arm statute is clear in mandating the exclusion of the claim from this Court's jurisdiction, which warrants dismissal.

Accordingly, this Court concludes that it cannot exercise personal jurisdiction over Defendant Rob Oglesby d/b/a Nate's Honor Animal Shelter.

Because the Court finds that personal jurisdiction is not proper under Georgia's long-arm statute, the court need not analyze whether Defendant's contacts with the state satisfy the due process clause of the Fourteenth Amendment.

## III.    CONCLUSION

For the reasons set forth above, this Court finds that no provision of Georgia's long-arm statute confers jurisdiction over Defendant. Defendant's motion to dismiss (Doc. 44) is GRANTED.

**SO ORDERED** this 14th day of December, 2017.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm