**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**RICHARD JERRY MCLEOD,**

    Plaintiff,

v.

**BILLY INGRAM, ET AL.,**

    Defendants.

Civil Action No. 7:16-CV-185 (HL)

**ORDER**

Plaintiff Jerry McLeod filed a pro se Complaint in this Court on October 11, 2016. (Doc. 1). Defendants timely submitted their Scheduling and Discovery Order on February 2, 2018. (Doc. 51). Plaintiff did not join in that filing or file a separate report or plan, nor has he filed initial disclosures.[1] As a result, the Court scheduled a status conference for May 9, 2018 in Valdosta, Georgia. Plaintiff failed to appear. At the hearing, Defendants made an oral motion to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

Federal Rule of Civil Procedure 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a "plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Fed. R. Civ. P. 41(b); see also Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009).

---

[1] Plaintiff has made no communication with the Court in this case since September 14, 2017. (Doc. 47).

A district court also has "inherent authority" to dismiss a case "for failure to prosecute" in order "to manage its own docket [by] ... achiev[ing] the orderly and expeditious disposition of cases." Davis v. Hall, No. CV 312-105, 2014 WL 1600330, at *3 (S.D. Ga. Apr. 21, 2014) (citations and internal marks omitted) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)). Indeed, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962) (footnote omitted). "Litigants proceeding pro se are not exempt from this requirement of diligent prosecution." Brown v. Ayers, No. 1:12-CV-45 (WLS), 2012 WL 5383114, at *1 (M.D. Ga. Oct. 9, 2012), adopted by 2012 WL 5383109, at *1 (M.D. Ga. Oct. 31, 2012) (citing Moon v. Newsome, 863 F.2d 835, 837-39 (11th Cir. 1989)).

Dismissal under Rule 41(b) is "customarily treated as an adjudication upon the merits." Stewart v. Honda Mfg. of Ala., Civil Action No. 4:12-CV-2295-VEH, 2013 WL 988071, at *1 n.2 (N.D. Ala. Mar. 12, 2013) (citation omitted); see also Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."). Consequently, dismissal for failure to prosecute is "a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 864 (11th Cir. 2008). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on

2

evidence of willful delay; simple negligence does not warrant dismissal." Id. Thus, a district court should "dismiss a case for want of prosecution with prejudice only when faced with 'a clear record of delay or contumacious conduct by the plaintiff." Id. at 863-64 (quoting McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). But "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order especially where the litigant has been forewarned, generally is not an abuse of discretion." Stewart, 2013 WL 988071, at *2 (emphasis omitted) (quoting Moon, 863 F.2d at 837).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. Plaintiff has failed to comply with this Court's Scheduling and Discovery Order, has not provided initial disclosures, and failed to attend the Status Conference hearing. In light of these facts, the Court GRANTS Defendant's oral Motion to Dismiss for failure to prosecute and failure to follow the Court's order. The Court finds that lesser sanctions would not suffice. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Therefore, it is ORDERED that Plaintiff's pro se Complaint (Doc. 1) be DISMISSED without prejudice for failure to prosecute and failure to comply with the Court's Order.

**SO ORDERED** this 17th day of May, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm