**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **RICHARD JERRY MCLEOD**, Plaintiff, v. **BILLY INGRAM, ET AL.**, Defendants. | Civil Action No. 7:16-CV-185 |

### ORDER

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 58). For the reasons set out below, Plaintiff's Motion is DENIED.

### I.　PROCEDURAL HISTORY

Plaintiff Jerry McLeod filed a pro se Complaint in this Court on October 11, 2016. (Doc. 1). Defendants timely submitted their Scheduling and Discovery Order on February 2, 2018. (Doc. 51). Plaintiff did not join in that filing or file a separate report or plan, nor did he file initial disclosures. As a result, the Court scheduled a status conference for May 9, 2018 in Valdosta, Georgia. Plaintiff failed to appear. At the hearing, Defendants made an oral motion to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. The Court granted Defendants' motion, and the case was subsequently dismissed without prejudice on May 17, 2018 for Plaintiff's failure to prosecute and failure to comply with the Court's order. (Doc. 56). On May 29, 2018, Plaintiff filed a Motion for

Reconsideration of the Court's order dismissing the case. (Doc. 58). Defendants Williams and Giddes filed a response in opposition to Plaintiff's motion (Doc. 59), as did Defendant Hall (Doc. 60). Plaintiff then filed a reply. (Doc. 61).[1]

## II.   DISCUSSION

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. Rhodes v. MacDonald, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). The Court must liberally construe the filings of McLeod, who is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)).

But even liberally construed, Plaintiff's motion fails to allege a sufficient basis for reconsideration. Plaintiff asserts that his inability to participate in discovery was due to his unlawful arrest on February 23, 2017 following an unlawful search and seizure of his property by Brooks County law enforcement. Plaintiff further alleges that he was held without bail for more than two months so that other individuals acting in concert with the Brooks County Sheriff's Office could evict Plaintiff from his property. Plaintiff states that during the search and seizure of his property, "[a]ll

---

[1] The Court will not consider Plaintiff's reply (Doc. 61) as Local Rule 7.6 expressly prohibits the filing of reply briefs to motions for reconsideration.

records of the instant case including notes, answers, evidence, photographs, file cabinets, brief cases containing files, computer records and every scrap of paper related to this case were confiscated and are presumed destroyed." (Doc. 58, p. 2). Additionally, Plaintiff alleges that his failure to attend the Court's scheduled hearing on May 9, 2018 was "mandated by the exigent circumstances created by the defendants in their bad faith and unlawful actions to prevent him being able to prosecute his case." (Id. at p. 4).

Although Plaintiff offers a lengthy recitation of facts and excuses blaming Brooks County law enforcement and unspecified "defendants" for his inability to prosecute his case and attend the Court's hearing,[2] totally absent from Plaintiff's motion are any facts that could be construed as a basis for reconsideration. By Plaintiff's own admission, the events which prevented him from pursuing his case occurred in February 2017, well over one year before his obligations to comply with the Court's orders. Further, Plaintiff's recitations are irrelevant to the case at hand as the facts do not demonstrate an intervening change in law, newly discovered evidence, or an error of law. The Court's standard for evaluating motions for reconsideration do not involve determining the validity of Plaintiff's excuses.

Plaintiff also seems to argue that courts should not require pro se plaintiffs to comply with procedural rules in civil cases. Plaintiff states in his motion that

---

[2] Plaintiff's ten-page Motion for Reconsideration is double the length permitted by Local Rule 7.6. M.D. Ga. L.R. 7.6 ("All briefs are limited to five (5) pages.").

"reprieve from procedural requirements is available to pro se litigants" in civil cases. (Id. at p. 8). To the extent that Plaintiff attempts to use this argument as a basis for his motion for reconsideration, that argument fails.

Plaintiff's argument does not satisfy the first prong required for granting a motion for reconsideration: that there has been an intervening change in controlling law. As stated above, the Court liberally construes the pleadings of pro se litigants. However, the Eleventh Circuit does not take such a lenient standard regarding procedural rules: "although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted). Thus, Plaintiff's argument does not demonstrate a change in controlling law regarding the requirement that pro se litigants adhere to procedural rules of the Court.

Additionally, even if the Court were to construe Plaintiff's statements as an attempt to utilize the third prong required for granting a motion for reconsideration, that the Court committed clear error by dismissing his action for failure to comply with the Court's orders and procedural requirements, that argument also fails for the reasons set forth above. It is well-settled that the court's power to dismiss a case "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); see also Wang v. Ga. Highlands Coll., No. 1:12-cv-1280-TWT-GGB, 2013 WL 1180790, at *2 (N.D. Ga. Feb. 11, 2013) (recommending dismissal under Rule

41(b) where plaintiff missed a pretrial conference and did not attend her deposition), *report and recommendation adopted*, 2013 WL 1180801 (N.D. Ga. Mar. 20, 2013); Cowe v. Equifax Credit Reporting, No: 1:09-cv-991-TWT, 2010 WL 925288, at *3 (N.D. Ga. Mar. 8, 2010) (dismissing case under Rule 41(b) where plaintiff delayed the case, ignored discovery, refused to attend his deposition, and showed contempt for the Federal Rules and orders of the court). Contrary to Plaintiff's assertions, civil pro se plaintiffs are required to conform to the procedural rules of this Court. Inherent in the Court's dismissal of Plaintiff's case for failure to prosecute and failure to comply with the Court's orders was his failure to adhere to the procedural rules of the Court. Therefore, it was within the Court's authority to dismiss Plaintiff's case without prejudice. No clear error of law was committed by the Court and Plaintiff has failed to demonstrate otherwise.

Accordingly, as Plaintiff demonstrates no change in controlling law, newly discovered evidence not previously available, or clear error of law, his motion is due to be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. 59) is **DENIED**.

**SO ORDERED**, this 26th day of November, 2018.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm